IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                                        CRIMINAL NO. 5:23-30011-001-TLB

JOSEPH BERMINGHAM                                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on June 5, 2024, and, pursuant to a written plea agreement, Defendant Joseph Bermingham entered a plea of guilt to Count One of the Superseding Indictment, charging him with the offense of distribution of a mixture or substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The plea agreement provides that if the Court accepts the plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts contained in the Superseding Indictment and the Forfeiture allegation applicable to Defendant.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned makes the following factual findings:

1.  The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the change of plea hearing, to the entry of his guilty plea before the undersigned with Defendant's plea of guilt subject to final approval by United States District Judge Timothy L. Brooks.  *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001).

2. The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 88).

3. The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of pleading guilty.

4. Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel.

5. Defendant's plea of guilt is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

6. The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

7. The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. *See* F.R. Crim. P. 59(b)(2). To expedite the district court's acceptance of Defendant's guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

8. Based on the foregoing, the undersigned recommends that Defendant's guilty plea be accepted. The written plea agreement will be subject to approval by the District Judge at sentencing.

DATED this 5th day of June 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE